UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

| | |
|---|---|
| RACHEL LEE ) | |
| ) | |
| **Plaintiff** ) | No. _____ |
| ) | |
| v. ) | |
| ) | |
| UNITED OF OMAHA ) | |
| LIFE INSURANCE COMPANY ) | |
| and ) | |
| TOPY AMERICA, INC. ) | |
| ) | |
| **Defendants** ) | |

## NOTICE OF REMOVAL

\* \* \* \* \* \* \*

Comes the Defendant, United of Omaha Life Insurance Company ("Omaha"), and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and other applicable law, hereby removes this action from the Circuit Court of Franklin County, Kentucky to the United States District Court for the Eastern District of Kentucky, Central Division at Frankfort. In support of thereof, the Defendant states as follows:

1. On or about March 30, 2020, the complaint in Franklin Circuit Court Civil Action No. 20-CI-00308 was filed by the Plaintiff, Rachel Lee, against Omaha (the "Complaint"). The summons, along with the Complaint, were to be served on Omaha by the Secretary of State via certified mail. Omaha is aware of the complaint but has not yet been served. A copy of the Complaint and summons, obtained from the state court filing system, is attached hereto as **Exhibit**

**A** and constitutes all process, pleadings and orders filed to date in this action, pursuant to 28 U.S.C. §1446(a).

2. Upon information and belief, the Plaintiff is a citizen of the Commonwealth of Kentucky. (Complaint ¶ 2).

3. Omaha, a Nebraska corporation, is a wholly owned subsidiary of Mutual of Omaha Insurance Company.

4. Defendant Topy America, Inc. is a Kentucky corporation.

5. This Notice of Removal is filed within thirty (30) days after receipt by Omaha of the copy of Complaint and summons in this action and Plaintiff is estopped from seeking remand of this matter on this basis.

6. Omaha will obtain Topy's consent to removal.

7. Notice to the Franklin Circuit Court of the removal of this action, including a true and correct copy of this Notice is filed simultaneously herewith with the Clerk of the Franklin Circuit Court as required by 28 U.S.C. § 1446(d). **Exhibit B**.

8. This action is of a civil nature arising from the Plaintiff's claim for an alleged breach of contract against Omaha and Plaintiff's husband's employer, defendant Topy America, Inc. ("Topy"). Plaintiff claims benefits pursuant to employee welfare plans, specifically a basic life insurance policy and a voluntary life insurance policy established as a part of Topy's employment benefits issued through Omaha. Plaintiff seeks a judgment for the benefits of the applicable insurance plans including an award of attorney's fees.

## FEDERAL QUESTION JURISDICTION

9. This is an action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132 and 1144, inasmuch as the Complaint claims life

insurance benefits provided by an employee welfare benefit plan, established or maintained by Plaintiff's husband's employer and regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* In the Complaint, the Plaintiff explicitly seeks benefits provided under Group Insurance Policy No. G000ACD3 (the "Policy") which provide separate basic and additional life insurance benefits through an employee benefit plan. The Policy states that it will be interpreted under the Employee Retirement Income Security Act of 1974, as amended.

10. The Complaint asserts Plaintiff's rights to recover benefits under the terms of the Policy. *See* Complaint ¶¶ 8 and 9.

11. The employee benefit plans established and maintained by Topy, and any claim for benefits thereunder, are subject to ERISA. As a result, there can be no genuine dispute that this action is governed by ERISA and that this Court, therefore, has original federal subject matter jurisdiction over it. Specifically, this is an action for benefits arising under ERISA, and as such, 29 U.S.C. § 1132(e)(1) confers original jurisdiction upon the District Courts of the United States over claims initiated by plan participants, beneficiaries, or fiduciaries to recover benefits due or to enforce rights under employee benefit plans governed by ERISA.

12. The state law claims alleged in the Plaintiff's Complaint are preempted by ERISA, as it provides exclusive federal remedies for resolution of claims relating to plan benefits by plan participants and beneficiaries. 29 U.S.C. §§ 1132 and 1144. Further, while federal preemption is ordinarily a defense and, as such, would not satisfy the well-pleaded complaint rule for removal purposes, causes of action filed in state court that are completely preempted by ERISA because they come within the scope of Section 1132(a) are removable to federal court under 28 U.S.C. § 1441(a) as an action arising under federal law. *See*, *e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S.

200, 207 (2004); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Briscoe v. Fine*, 444 F.3d 478, 496-98 (6th Cir. 2006); *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 942 (6th Cir. 1995); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991).

The Supreme Court has emphasized that the "ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary preemptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Davila*, 542 U.S. at 208 (citations omitted). It is well-settled that ERISA's preemption provision is broad, and the Sixth Circuit has noted that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell*, 944 F.2d at 1276 (citations omitted). ERISA has broad preemptive power because Congress' "policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id*. at 208-09. *Davila* affirms this principle, holding "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id*. at 209.

To determine whether a claim is completely preempted, the Supreme Court has stated "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." "Whether a duty is 'independent' of an ERISA plan, for purposes of the *Davila* rule, does not depend merely on whether the duty nominally arises from a source other than the plan's terms." *Gardner v. Heartland Indus. Partners LP*, 715 F.3d 609, 613 (6th Cir. 2012).

4

Complete preemption, however, does not have to be readily apparent on the face of a complaint: "It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002). "[D]istinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would 'elevate form over substance and allow parties to evade' the pre-emptive scope of ERISA simply 'by relabeling their… claims.'" *Davila*, 542 U.S. 214; *see also Briscoe*, 444 F.3d at 499. Neither "can the mere fact that the state cause of action attempts to authorize remedies beyond those authorized by ERISA § 502(a) put the cause of action outside the scope of the ERISA civil enforcement mechanism." *Davila*, 542 U.S. at 214-215.

13. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Kentucky, and, as noted above, this cause of action is removable to the United States District Court for the Eastern District of Kentucky pursuant to 29 U.S.C. § 1441, as an action founded upon a claim or relief arising out of the laws of the United States.

**WHEREFORE**, the Defendant, United of Omaha Life Insurance Company, removes this action from the Franklin Circuit Court to the United States District Court for Eastern District of Kentucky, at Frankfort.

        Respectfully submitted,

        Hon. Trevor L. Earl
        MCBRAYER PLLC
        500 West Jefferson Street, Suite 2400
        Louisville, Kentucky 40202
        (502) 327-5400
        tearl@mcbrayerfirm.com

        Hon. Stephen G. Amato
        MCBRAYER PLLC
        201 East Main Street, Suite 900
        Lexington, Kentucky 40507
        (859) 231-8780
        samato@mcbrayerfirm.com

BY    */s/ Trevor L. Earl*
        TREVOR L. EARL
        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that on April 22, 2020, a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

    Hon. Philip G. Fairbanks
    Hon. Bartley K. Hagerman
    MEHR, FAIRBANKS & PETERSON
    TRIAL LAWYERS, PLLC
    201 West Short Street, Suite 800
    Lexington, Kentucky 40507

    TOPY America, Inc.
    National Registered Agents, Inc.
    306 West Main Street, Suite 512
    Frankfort, Kentucky 40601

        */s/ Trevor L. Earl*
        ATTORNEYS FOR DEFENDANT